# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-CR-0135-002-CVE |
| NICOLE RENEE HUGHES, a/k/a Nicki Hughes, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the defendant's oral motion for a continuance of the jury trial set for October 21, 2013. Defendant Nicole Renee Hughes is charged with conspiracy to distribute methamphetamine and, if convicted, she faces a mandatory minimum sentence of five years and a possible maximum sentence of 40 years. Dkt. # 2. Defendant was placed on pretrial release on August 23, 2013, but shortly thereafter she became a fugitive until she was arrested on October 9, 2013. See Dkt. ## 29, 35. Defendant's attorney was unable to meet with her during this time. Defendant appeared at the pretrial conference on October 16, 2013, and her attorney orally requested a continuance of the jury trial set for October 21, 2013. Defendant orally agreed to waive her right to a speedy trial for the period of time between the October and November jury trial dockets, and she executed a written speedy trial waiver (Dkt. # 36). The government does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defense counsel states that he recently received new discovery from the government and he has not been able to meet with his client to review the discovery. He also states that he anticipates that the case can be resolved without a trial, but the parties need additional time to negotiate. The Court has considered defendant's oral motion for a continuance and finds that defendant's request is reasonable. Defendant was a fugitive for a significant period of time and she was not in
...

communication with her attorney during that time. Defense counsel has also recently received new discovery and he believes that the case can be resolved without a trial if the parties have additional time to negotiate. Considering all of these factors and the severity of the charges against defendant, the Court finds that the trial of this matter should be continued to the November 2013 jury trial docket. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the defendant's oral motion to continue is **granted**. The jury trial set for October 21, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | **November 12, 2013 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | November 13, 2013 |
| Jury Trial: | **November 18, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between October 21, 2013 and November 18, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 16th day of October, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE